**AFFIRM; and Opinion Filed February 21, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-16-00786-CR**

**No. 05-16-00787-CR**

**No. 05-16-00788-CR**

**EUGENE SMITH, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 2**
**Grayson County, Texas**
**Trial Court Cause Nos. 2015-2-0661, 2015-2-0935 & 2016-2-0614**

## MEMORANDUM OPINION

Before Justices Bridges, Myers, and Boatright
Opinion by Justice Boatright

Following a jury trial, appellant Eugene Smith appeals three misdemeanor convictions: possession of marijuana, promotion of prostitution, and prostitution. In a single issue, he contends that his rights under the Confrontation Clause were violated when the trial court admitted into evidence the video interview of a co-defendant. We affirm the trial court's judgments because appellant did not object to the admission of the video.

Appellant was charged for possession of marijuana under Health and Safety Code section 481.121, as well as prostitution and promotion of prostitution under Penal Code sections 43.02 and 43.03, respectively. The information charging him with promotion of prostitution alleged that, acting other than as a prostitute receiving compensation for personally rendered prostitution services, appellant knowingly received money pursuant to an agreement with Logan Crow to

participate in the proceeds of prostitution, and knowingly solicited Ms. Crow to engage in sexual conduct for compensation. The information charging appellant with prostitution alleged that he knowingly offered to engage, agreed to engage, or solicited Sherman Police Department Detective Brian McClaran to engage in sexual conduct in return for receipt of a fee. The State's theory of the prostitution case at trial was that appellant was guilty as a party because he aided Ms. Crow in her solicitation of Detective McClaran.

Appellant represented himself at trial. The State's sole witness was Detective McClaran. During a break in Detective McClaran's testimony, the trial court asked the parties if there were any matters to discuss before the jury returned. Appellant brought up various issues under the umbrella of a "motion to suppress." Among other things, appellant argued that the "admission of a non-present witness testimony violates my rights under the confrontational clause of the 6th Amendment." Referring to Detective McClaran, the trial judge replied that the witness against appellant was in the courtroom and that appellant would have the right to cross-examine him. Appellant asked, "What about the key witness, Your Honor?" When the court asked, "What key witness?," appellant replied, "The person that they're saying that these allegations are against me." The judge asked the prosecutor to "jump in here with regard to the witnesses," and the prosecutor said that "any statements by the co-defendant are exempt from the hearsay rule." The judge then confirmed with the prosecutor that Detective McClaran was the person who would testify about the elements of the offenses and that the State had no other witnesses. After reminding appellant he had previously been informed that he could issue subpoenas for witnesses, the trial judge overruled the motion to suppress, and Detective McClaran returned to the stand.

Detective McClaran later testified that appellant and Ms. Crow were taken to the police station after their arrests and that both chose to give further statements. The detective testified

that he did not conduct the interviews in which appellant and Ms. Crow gave their additional statements, but that he observed the interviews as they were taking place. The State then showed Detective McClaran an exhibit containing video recordings of the interviews. He identified the exhibit as a true and correct copy of the video interviews, and the State offered it into evidence. Appellant specifically stated that he had no objection to the admission of the exhibit containing copies of the video interviews.

As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely objection that stated the grounds for the ruling the party sought from the court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. TEX. R. APP. P. 33.1(a). In addition, the trial court must rule on the objection. *Id.* A pro se defendant is held to the same standard as a licensed attorney and must comply with the applicable rules of procedure. *Griffis v. State*, 441 S.W.3d 599, 612 (Tex. App.—San Antonio 2014, pet. ref'd).

Appellant objected that "admission of a non-present witness testimony" violated his Confrontation Clause rights. Appellant made this objection during the testimony of the State's only witness. His objection referred to "the key witness," and he did not mention the video or Ms. Crow. It is apparent from the record that the trial court did not understand appellant's objection to be about statements from Ms. Crow or about a video. When the State later offered the Crow video into evidence, appellant stated he had no objection. At no time did appellant connect his Confrontation Clause objection to the video interview of Ms. Crow. The trial court had no opportunity to rule on the specific complaint appellant makes in this appeal.

Appellant's complaint was not timely and did not state the grounds for his desired ruling with sufficient specificity to make the trial court aware of the complaint. Nor were the grounds of appellant's complaint apparent from context. Therefore, appellant failed to preserve the

complaint for appellate review. *See Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (defendant failed to preserve error on Confrontation Clause grounds where he did not assert Confrontation Clause objection to testimony in question).   We overrule his sole issue.

We affirm the trial court's judgments.

/Jason E. Boatright/
JASON E. BOATRIGHT
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).

160786F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EUGENE SMITH, Appellant

No. 05-16-00786-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 2, Grayson County, Texas
Trial Court Cause No. 2015-2-0661.
Opinion delivered by Justice Boatright, Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 21st day of February, 2017.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

EUGENE SMITH, Appellant

No. 05-16-00787-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 2, Grayson County, Texas
Trial Court Cause No. 2015-2-0935.
Opinion delivered by Justice Boatright, Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 21st day of February, 2017.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EUGENE SMITH, Appellant

No. 05-16-00788-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 2, Grayson County, Texas
Trial Court Cause No. 2016-2-0614.
Opinion delivered by Justice Boatright, Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 21st day of February, 2017.